UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VOLM COMPANIES, INCORPORATED, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 4:22 CV 373 CDP<br>) |
| MARK' ANDY, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

In this diversity action, plaintiffs Volm Companies, Incorporated, and Plaspack U.S.A., Inc., assert claims of breach of contract (Counts I and II), breach of express warranty (Count III), and breach of implied warranty (Counts IV and V) against defendant Mark' Andy, Inc., arising out of a Purchase Agreement whereby plaintiffs purchased a commercial grade printing press ("Press") from Mark' Andy and, after delivery and installation, the Press allegedly had several defects that Mark' Andy unsuccessfully attempted to repair.  Plaintiffs allege that the defects and downtime spent in attempted repairs caused them to sustain more than $8 million in damages.  Because plaintiffs unequivocally state in their amended complaint that they did not accept the Press or, alternatively, had revoked their acceptance, they cannot recover on their claims of breach of express or implied warranty under Missouri law.  I will therefore grant Mark' Andy's motion to

dismiss Counts III-V of the amended complaint for failure to state a claim.[1]

## Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. When reviewing a Rule 12(b)(6) motion, I assume the factual allegations of the complaint are true and construe them in plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). It must contain sufficient factual matter, accepted as true, to state a claim for relief "that is plausible on its face." *Iqbal,* 556 U.S. at 678. It need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

## Discussion

In Count I of their amended complaint, plaintiffs allege that Mark' Andy breached the Purchase Agreement by failing to provide plaintiffs with a properly functioning Press. In Count II, plaintiffs allege that by manufacturing, delivering, and installing a "prototype" Press, Mark' Andy had no good faith basis to believe that the Press could perform as provided in the Purchase Agreement, had no good

---

[1] Although Mark' Andy's motion is captioned as a "Motion to Dismiss Amended Complaint" (ECF 24), it seeks to dismiss only Counts III, IV, and V of the amended complaint.

- 2 -

faith belief that the Press could be repaired or redesigned in order to so perform, and thus breached its covenant of good faith and fair dealing.  In Count III, plaintiffs allege that Mark' Andy breached the Purchase Agreement's express warranty that the Press would conform to all the specifications in the Agreement.  Finally, in Counts IV and V, plaintiffs allege breach of implied warranties of merchantability and of fitness for a particular purpose, respectively.

Mark' Andy moves to dismiss plaintiffs' breach-of-warranty claims raised in Counts III-V of the amended complaint, arguing *inter alia* that the facts alleged in the amended complaint limit plaintiffs' claims in this action to only breach of contract and preclude their claims seeking relief for breach of warranty.  For the following reasons, I agree.

> Under Missouri law, remedies for economic loss sustained by reason of damage to or defects in products sold are limited to those under the warranty provisions of the UCC.  *Wilbur Waggoner Equipment & Excavating Co. v. Clark Equipment Co.,* 668 S.W.2d 601, 602 (Mo. App. 1984).  The UCC recognizes that breach of contract and breach of warranty are not the same cause of action.  The remedies for breach of contract are set forth in section 2-711 and are available to a buyer "[w]here the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance."  [Mo. Rev. Stat.] § 400.2-711.1.  The remedies for breach of warranty are set forth in section 2-714 and are available to a buyer who has finally accepted goods, but discovers that the goods are defective in some manner.  § 400.2-714; *see also* 1 White & Summers, *UCC* 702–3 ("We believe that only buyers who have accepted and neither rightfully rejected nor effectively revoked can use 2–714.").

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 130-31 (Mo.

banc 2010), *quoted approvingly in Nestlé Purina Petcare Co. v. Blue Buffalo Co. Ltd.*, 181 F. Supp. 3d 618, 641-42 (E.D. Mo. 2016).[2]

Here, plaintiffs expressly and unequivocally assert in their amended complaint that they "have never accepted Mark Andy's defective Press" and that throughout Mark' Andy's attempted repair process they "continu[ed] to advise Mark Andy that they were not accepting the Press, or, alternatively, that they were revoking acceptance of the Press." (Am. Compl., ECF 20 at ¶¶ 15, 18.)  Because breach-of-warranty claims can be brought under Missouri law only by buyers who have accepted the goods at issue and neither rightfully rejected nor effectively revoked any acceptance, plaintiffs' assertion of non-acceptance or revocation of acceptance bars their breach-of warranty claims as a matter of law.  *Cf. Nestlé Purina Petcare Co.*, 181 F. Supp. 3d at 642.  Because the claims are barred as a matter of law on the facts alleged, plaintiffs may not plead them in the alternative, as they argue in opposition to dismissal.  *Id.*

Plaintiffs argue that they should be permitted to proceed on their breach-of warranty claims because the parties dispute whether plaintiffs actually accepted the Press and that such a dispute is appropriately resolved at trial.[3]  But in determining

---

[2] The Purchase Agreement contains a choice-of-law provision stating that Missouri law applies to disputes arising out of or relating to the Agreement.  (ECF 25-1, Domestic Purchase Agreement at § 18.)

[3] Plaintiffs contend that the amended complaint addresses this dispute by noting "Mark Andy's view that acceptance occurred." (Resp. to Mot. Dis., ECF 28 at p. 3 n.2. (citing Am. Compl.,

a Rule 12(b)(6) motion to dismiss, I look only to the allegations of the complaint and assume them to be true. In assuming factual allegations to be true, there is no dispute of facts to consider. Here, plaintiffs unequivocally state in their amended complaint that they never accepted the Press or, alternatively, that they revoked their acceptance. I must accept this to be true. Indeed, plaintiffs admit in response to the motion to dismiss that the facts alleged in this action are that "they never accepted the Press that Mark Andy provided (or alternatively, revoked acceptance)." (Resp. to Mot. Dis., ECF 28 at p. 3.) And they aver that while the original complaint adequately alleged these facts, the amended complaint "clarify[ies] their allegations" in this regard. (*Id.*).

Accordingly, accepting the allegations in the amended complaint as true and construing them in plaintiffs' favor, I conclude that plaintiffs have failed to state a claim of breach of express or implied warranty under Missouri law. Plaintiffs' claims raised in Counts III-V of the amended complaint therefore fail as a matter of law and are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Mark' Andy, Inc.'s Motion to Dismiss [24] is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts III, IV, and V of the amended

---

ECF 20 at ¶ 18).) But a review of the amended complaint *in toto* shows no reference at all to Mark' Andy's position on acceptance.

- 6 -

complaint are dismissed from this action. Defendant is reminded of its obligation to answer Counts I and II of the amended complaint within the time set by the rules.

                         _____
                         CATHERINE D. PERRY
                         UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2022.