UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VOLM COMPANIES, INCORPORATED, et al., ) ) ) Plaintiffs, ) ) v. ) ) MARK' ANDY, INC., ) ) Defendant. ) | Case No. 4:22 CV 373 CDP |

## MEMORANDUM AND ORDER

On November 14, 2023, defendant Mark' Andy, Inc., moved for leave to amend its answer to plaintiffs' Second Amended Complaint, arguing that it recently discovered facts to support additional affirmative defenses of accord and satisfaction and release.  The time to seek leave to file amended pleadings in this case expired February 6, 2023.  I will deny the motion.

Defendant answered plaintiffs' Second Amended Complaint on March 17, 2023.  Although the deadline to seek leave to file amended pleadings had already passed, defendant did not seek to extend this deadline until eight months after it filed its answer and, notably, within one week of my entering a Third Amended Case Management Order setting "firm deadlines," none of which included further amendment of pleadings.  (*See* ECF 109.)  For the following reasons, I cannot find that good cause exists for defendant's delay in seeking to amend its answer and

affirmative defenses.

My review of the file shows that the initial complaint in this action, filed March 31, 2022, placed defendant on notice that the $133,000 credit at issue was negotiated and issued after the Press became partially operational in April 2017 and not on or before December 29, 2016. (*See* ECF 1 at ¶¶ 12-13.) Information contained in defendant's own records and obtained through discovery and disclosures beginning in November 2022 provided sufficient notice of when the credit was negotiated and issued or, at the very least, should have prompted defendant to investigate the issue further. Indeed, defendant admits in its motion for leave that "all documents" related to its proposed new affirmative defenses "were produced long ago." (ECF 111 at ¶ 5.) Consequently, the relevant information was discoverable from available sources other than defendant's former CEO, Kevin Wilken, whose statements made during deposition preparation on November 13, 2023, provide the basis for defendant's assertion of "recently discovered facts."

The record shows no reason why defendant could not have moved to amend its answer and affirmative defenses earlier. I therefore cannot find that defendant acted diligently to meet the relevant schedule imposed in this action or to seek to modify the schedule in a timely manner. If a movant has not been diligent in meeting court-ordered deadlines, it has failed to show good cause to modify the

scheduling order. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008). I need not consider prejudice to the nonmoving party if the movant has not been diligent in its efforts. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that defendant Mark' Andy, Inc.'s Motion for Leave to File First Amended Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint [110] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2023.