UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VOLM COMPANIES, INCORPORATED, et al., ) ) ) Plaintiffs, ) ) v. ) ) MARK' ANDY, INC., ) ) Defendant. ) | Case No. 4:22 CV 373 CDP |

# **MEMORANDUM AND ORDER**

Both sides to this litigation have filed motions for leave to file certain documents, materials, and memoranda under seal. (ECF 124, 126.) In accordance with Local Rule 13.05, they have also filed redacted versions of the proposed sealed material. (ECF 145, 149, 150, 152.) But the redactions comprise substantial portions of the parties' memoranda; all of the "facts" set out in defendant's statement of uncontroverted material facts; and the entirety of all material filed as exhibits to the parties' motions for partial summary judgment and/or to exclude expert testimony – *i.e.*, expert reports, deposition excerpts, and relevant contracts, save for some captions of depositions and certificates of court reporters.

Courts are open to the public and the public has a right of access to materials filed with the Court, with exceptions only as necessary to protect safety or privacy

of individuals or to protect legitimate business interests. E.D. Mo. L.R. 13.05(A)(2). Although during the course of this litigation the parties may have disclosed or deemed some of the submitted material as "confidential" pursuant to the protective order in this case, that does not automatically justifiy sealing the material when it is filed with the Court. E.D. Mo. L.R. 13.05(A)(3).

My review of the sealed material compared with the redacted versions shows that the vast majority of the redactions do not contain material or information that lawfully should be kept confidential. Each side has presented memoranda in support of the motions to seal which provide a formulaic recitation that the redacted material contains confidential and proprietary business and financial information. But my review of the documents themselves finds that to be a small amount of the redacted material. I realize that each party has filed certain documents that the opposing party has marked as confidential pursuant to the protective order, but that relatively common situation simply requires that counsel meet with opposing counsel and confer to determine exactly what, and no more, can legitimately be withheld from public view.

I will therefore order the parties to meet and confer and discuss appropriate redactions and to resubmit within seven (7) days properly redacted copies of the sealed memoranda, statements, and materials filed in relation to their respective motions. Only that material lawfully considered confidential for purposes of

protecting truly valid business or personal interests may be redacted from the documents.

Accordingly,

**IT IS HEREBY ORDERED** that, <u>**within seven (7) days of the date of this Order**</u>, the parties must meet and confer and file in the public record properly redacted copies of the sealed memoranda, statements, and exhibits submitted in relation to their respective motions for partial summary judgment and/or to exclude expert testimony, with only the specific information that must be sealed redacted from the documents. The parties' motions for leave to file under seal remain pending.

**The deadlines and schedule set out in the Third Amended Case Management Order (ECF 109), including and especially those governing briefing on motions for summary judgment and to limit or exclude expert testimony, remain in full force and effect and will not be changed because of this order. <u>Nothing in this Order alters or extends those firm deadlines.</u>**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2024.